IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MCCORMICK & CO., INC.,                              *

    Plaintiff,                                            *

    v.                                                    *                    CIVIL NO. JKB-22-0115

RYDER INTEGRATED LOGISTICS,                        *
INC.,

    Defendant.                                            *

    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Pending before the Court is McCormick & Co., Inc.'s Objection to Magistrate Judge's Order. (ECF No. 49.)  Specifically, McCormick moves, pursuant to Local Rule 301.5(a) and Federal Rule of Civil Procedure 72(a), for an order setting aside Magistrate Judge Copperthite's Order, (ECF No. 44), regarding a discovery dispute ("Discovery Order").  The Objection is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021).  For the following reasons, the Court will overrule McCormick's objections.

### I.    *Factual and Procedural Background*

The facts of the underlying dispute are set forth in Ryder's and McCormick's Complaints, which were both filed on January 14, 2022. (*See* Ryder Compl., Civ. No. 22-0119-JKB, ECF No. 1; McCormick Compl., Civ. No. 22-00115-JKB, ECF No. 1.)  The cases involve claims relating to breach of contract.  (*Id.*)  McCormick seeks over $3 million in damages, while Ryder seeks approximately $2 million in damages.  (*Id.*)  The cases were consolidated on February 7, 2022 for discovery purposes.  (ECF No. 11.)

The parties served each other requests for production ("RFPs") in March 2022 and engaged in a series of communications to develop a plan for responding to these RFPs, as the documents each party was seeking consisted of electronically stored information ("ESI"). (ECF No. 49 at 5.) The parties also exchanged and ultimately agreed on a list of search terms to run across their ESI. Further, the parties agreed to a Joint Protocol for Discovery of Electronically Stored Information ("ESI Protocol"). (*Id.* at 6.) The ESI Protocol provides, under a subsection titled "No Presumption of Responsiveness," that "a party's obligation to conduct a reasonable search for documents in response to discovery requests shall be deemed to be satisfied by reviewing documents that are captured by utilizing the methodology provided for in this Protocol" and that "[t]he fact that a document is captured by a search pursuant to this protocol does not mean that such document is responsive to a discovery request or otherwise relevant to this litigation and Parties may exclude such nonresponsive documents from production." (ECF No. 49-1 at 8.)

Further, during this time, counsel for McCormick learned that, despite the issuance of a litigation hold, custodial files for Willa Blasingame—whom Ryder describes as "a key custodian and witness" (ECF No. 51 at 7)—were deleted when she left McCormick's employment. (ECF No. 49 at 7.) McCormick notified Ryder on September 16, 2022, gathered ESI for six additional custodians to ensure that communications with Blasingame would be captured, and searched Blasingame's name across McCormick's ESI. (*Id.*) McCormick ran search terms across the emails for the six additional custodians to capture potentially relevant information. (ECF No. 51 at 8.) This has resulted in a significant increase in the number of potentially relevant documents. (*Id.* at 10.)

Ryder calculated the number of its documents responsive to the search term list to be 37,493 documents (49,416 with families) and McCormick's to be 48,735 documents (67,839 with

families). (ECF No. 51 at 10.) Ryder notes that "approximately 30% or 20,398 of the hits with families are the result of the additional searches conducted to address McCormick's improper deletion of the electronic files of Willa Blasingame." (*Id.*)

The instant issue arose when the parties disagreed as to whether they were required to manually review these documents (i.e., the documents captured by the search terms) for relevance prior to production, or whether they could produce those documents without a document-by-document review. Therefore, McCormick filed a motion seeking for the Court to: (1) enter the parties' ESI Protocol as an order of the Court and (2) declare that the ESI Protocol did not require that the parties conduct a manual review of documents identified through the use of search terms. (ECF No. 37.) Ryder opposed this motion to the extent that it sought a declaration from the Court that the ESI Protocol did not require a manual review of documents. (ECF No. 39.) The case was referred to Magistrate Judge Copperthite for discovery and related scheduling. (ECF No. 40.)

Thereafter, Judge Copperthite granted the motion to the extent that it sought that the ESI Protocol be entered as an order of the Court, but denied the motion to the extent that it sought a declaration that the ESI Protocol did not require a manual review of the documents. (ECF No. 44.) Judge Copperthite reasoned that the ESI Protocol expressly contemplated a manual review of the documents in the "No Presumption of Responsiveness" provision, and that such reading was consistent with Federal Rule of Civil Procedure 26(b)(1)'s command that only relevant evidence is discoverable. (*Id.*) Judge Copperthite rejected McCormick's argument that the costs associated with such manual review—which McCormick estimated at $240,000 for a disputed amount of no more than $4 million—was not proportional to the case. (*Id.*)

## II.    *Legal Standard*

Local Rule 301.5(a) provides that, "[p]ursuant to 28 U.S.C. § 636(b), a district judge may designate a full-time magistrate judge to hear and determine" pretrial matters, including "discovery disputes." Federal Rule of Civil Procedure 72(a) provides that, upon objection by either party to an order by a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule 301.5(a) ("A district judge may reconsider, modify, or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). "The 'clearly erroneous' standard applies to factual findings, while legal conclusions will be rejected if they are 'contrary to law.'" *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 479 (D. Md. 2014) (quoting *MMI Prods. v. Long*, 231 F.R.D. 215, 218 (D. Md. 2005)).

> Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. *See Tri–Star Airlines, Inc. v. Willis Careen Corp.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999). Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. *Id.* It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge. *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D. Md. 2002).

*Berman v. Cong. Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004).

## III.    *Analysis*

McCormick's first argument is that the Discovery Order erroneously disregarded the plain language of the ESI Protocol. As noted above, the ESI Protocol provides that "a party's obligation to conduct a reasonable search for documents in response to discovery requests shall be deemed to be satisfied by reviewing documents that are captured by utilizing the methodology provided for in this Protocol" and that "[t]he fact that a document is captured by a search pursuant to this

4

protocol does not mean that such document is responsive to a discovery request or otherwise relevant to this litigation and Parties may exclude such nonresponsive documents from production." (ECF No. 49-1 at 8.) As McCormick succinctly states, "[t]he issue before the Magistrate Judge, and now on review before this Court, is whether McCormick and Ryder agreed to conduct a page-by-page responsiveness review prior to production." (ECF No. 53 at 2.)

The Court finds that they did, and that the Discovery Order's conclusion that the ESI Protocol contemplated a document-by-document review is not erroneous, as the language providing that "a party's obligation to conduct a reasonable search for documents in response to discovery requests shall be deemed to be satisfied by reviewing documents that are captured by utilizing the methodology provided for in this Protocol" plainly requires such review.

McCormick incorrectly states that the ESI Protocol "provide[s] only that a producing party 'may' take the opportunity to review documents 'that are captured utilizing the methodology provided for in this Protocol[.]'" (ECF No. 49 at 6.) McCormick also states that the Discovery Order "ignores the plain language to the effect that a party's obligation to search for responsive documents 'shall be deemed to be satisfied' once the party has applied the search terms to its store of ESI." (ECF No. 49 at 9.) In both of these instances, McCormick omits a crucial portion of the ESI Protocol, which provides that "a party's obligation to conduct a reasonable search for documents in response to discovery requests shall be deemed to be satisfied *by reviewing documents that are captured by utilizing the methodology provided for in this Protocol*." (ECF No. 49-1 at 8 (emphasis added).)

Confoundingly, McCormick argues that "[t]he Magistrate Judge treats this language [providing for a review of the documents] as though it somehow mandates another level of review, when it says nothing of the sort. It says only that a party discharges its discovery obligation by

5

reviewing the documents captured by the search terms: it does not provide that the party must remove them from the universe of documents generated by those search terms." (ECF No. 49 at 10.) Contrary to McCormick's contention, this language *explicitly* mandates another level of review. Moreover, it defies logic that the ESI Protocol would provide for a party to review documents but not to exclude irrelevant documents identified in that review. Even if that is what the ESI Protocol required, the entire issue is that McCormick has not conducted such review, as its contention is that a document-by-document review would be too costly.[1]

Further, McCormick cites various cases for the argument that the ESI Protocol's inclusion of a "de-duping" provision and a provision that provides for the production of documents as they are "kept in the usual course of business" somehow obviates the plain language of the ESI Protocol. (ECF No. 49 at 10–11.) As an initial matter, McCormick once again attempts to re-write the ESI Protocol, a protocol that *it sought to have entered as an order of this Court*. The provision providing for production of documents as they "are kept in the usual course of business" does not even apply to ESI. It appears under the header "Production of Hard Copy Documents," which ESI undoubtedly is not, and indeed the ESI Protocol includes a separate "Production of ESI" header. (ECF No. 49-1 at 16.) Further, the Court finds that the cases cited are inapposite, as they do not contemplate an agreed-upon protocol that explicitly provides for the manual review of documents. *See, e.g., FDIC v. Boggus*, Civ. No. 13-00162-WCO, 2015 U.S. Dist. LEXIS 180530, at *2 (N.D. Ga. May 13, 2015) (discussing the parties' "competing protocols").

---

[1]     The Court also rejects McCormick's argument that the following language supports its contention that no manual review was contemplated: "The Parties have disclosed the search terms and any other culling/search criteria that they reasonably believe will yield the requested responsive documents, have communicated additional search terms to be used, and have agreed to exchange hit counts after global de-duplication." (ECF No 49 at 9 (quoting the ESI Protocol).) Of course, on its own, this language does not contemplate a manual review. However, as with McCormick's other arguments, McCormick simply ignores the provision of the ESI Protocol that does provide for manual review.

McCormick argues that the Discovery Order contravenes the proportionality standard set forth in Federal Rule of Civil Procedure 26(b) and that it fails to apply the standard set forth in Rule 26(b)(2)(B). (ECF No. 49 at 12.) The Court understands that McCormick intended to argue that the Discovery Order did not account for the following mandate set forth in Rule 26(b)(1), not Rule 26(b)(2)(B):[2]

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

McCormick is mistaken. While the Discovery Order did not march through each of these standards, it clearly took them into account, finding that that the costs of the review were proportional to the needs of the case. (ECF No. 44.) The Court also notes that this conclusion is particularly appropriate where, as here, there appears to be a large volume of potentially responsive documents due to an error by McCormick whereby the documents of a key custodian were deleted despite a litigation hold. Further—and again—the parties *agreed* to this review by the plain language of the ESI Protocol.

McCormick also argues that the Discovery Order includes a misreading of case law. Not so. For example, McCormick argues that Judge Copperthite concluded that there is some overarching duty to conduct a document-by-document review based on his reading of the case law. Once again, as with the ESI Protocol, McCormick cherry-picks and misstates the Discovery Order. Judge Copperthite never concluded that there exists a *per se* duty to conduct such a manual review;

---

[2]    Rule 26(b)(2)(B) provides that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." McCormick does not argue that the ESI is not reasonably accessible. Rather, it argues that it does not want to expend the resources to review the ESI prior to production.

he concluded that—in this case, given the facts and circumstances, including an ESI Protocol that explicitly provides for it—McCormick and Ryder must conduct such a review. Of course, in the absence of the ESI Protocol, Judge Copperthite may (or may not) have concluded differently, and the cases cited by Judge Copperthite and the parties reflect that a manual review may or may not be appropriate, depending on the circumstances. However, Judge Copperthite, having appropriately considered the agreement between the parties and the facts of the dispute, determined that a document-by-document review in this case was required.

In sum, McCormick has failed to show that the Discovery Order was clearly erroneous or contrary to law.

## IV.    Conclusion

Accordingly, the Court will enter an Order overruling McCormick's objections. (ECF No. 49.)

DATED this 8 day of March, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

8